## JOHNSON v. UNITED STATES.

### CARSON v. SAME.

(Circuit Court of Appeals, Eighth Circuit. September 11, 1922.)

### Nos. 5813, 5814.

1. Indians ⬤⟳15(1)—Conveyances by absentee Shawnees of inherited lands held valid.

Conveyances of inherited lands by absentee Shawnee Indians *held* valid under Act June 21, 1906, removing restrictions on alienation of such lands.

2. Indians ⬤⟳15(1)—Restrictions on alienation run with the land.

Restrictions on alienation of lands imposed by the allotment acts run with the land and are not personal to the allottee, and removal of such restrictions as to an allotment by the Secretary of the Interior under Act May 8, 1906 (Comp. St. § 4203), does not operate to remove restrictions as to other tracts in which the Indian may be interested.

Appeal from the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Suit in equity by the United States against Hal Johnson, and same against E. T. Carson. Decrees for complainant, and defendants appeal. Reversed, with directions to modify.

Mark Goode, of Shawnee, Okl. (Charles E. Dierker, of Shawnee, Okl., on the brief), for appellants.

John W. Scothorn, Asst. U. S. Atty., of Oklahoma City, Okl. (W. A. Maurer, U. S. Atty., and Roy St. Lewis, Asst. U. S. Atty., both of Oklahoma City, Okl., on the brief), for the United States.

Before LEWIS and KENYON, Circuit Judges, and JOHNSON, District Judge.

LEWIS, Circuit Judge. The issues in these suits are alike; that is, whether deeds, some to Johnson and some to Carson, conveying lands in Oklahoma and executed by Indians, are valid conveyances. The

⬤⟳For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes

final hearings were together on the facts admitted in the pleadings, other facts brought in by stipulation, brief testimony for appellants (defendants), and agreement that whatever was relevant and material to either case should be considered by the court in that case, although introduced in the other; and we can appropriately dispose of them here in one opinion. The suits were brought to quiet titles to the lands in the Indians, notwithstanding their deeds. The answers were in most part admissions, and also for affirmative relief. There is neither charge nor proof of fraud. The complaint in each case contains 27 counts, and each count deals with different tracts and deeds. The lands were all allotted under the act of February 8, 1887 (24 Stat. 388 [Comp. St. § 4195 et seq.]), as amended by the act of March 3, 1891 (26 Stat. 989, 1019), and the trust period named in the act and shown in the respective certificates of allotments or trust patents had either not expired or had been extended, except as to one tract. In some instances conveyances were made by allottees of their allotments, but in most of them by heirs of the allottees; and some grantors who conveyed inherited interests were allottees of other tracts in their own right.

[1] These facts brought under consideration by the court two statutes on which appellants relied, one as authorizing and validating some of the conveyances to each appellant, and the other statute as giving the same effect to other conveyances. We first take up the act of June 21, 1906 (34 Stat. 325, 363), the material part of which, for present consideration, reads thus:

"All restrictions as to sale and incumbrance of all lands, inherited and otherwise, of all adult Kickapoo Indians, and of all Shawnee, Delaware, Caddo, and Wichita Indians who have heretofore been or are now known as Indians of said tribes, affiliating with said Kickapoo Indians now or hereafter nonresident in the United States, who have been allotted land in Oklahoma or Indian Territory are hereby removed: Provided, that any such Indian allottee who is a nonresident of the United States may lease his allotment without restriction for a period not exceeding five years: Provided further, that the parent or the person next of kin having the care and custody of a minor allottee may lease the allotment of said minor as herein provided, except that no such lease shall extend beyond the minority of said allottee."

The trial court held that the act was ineffective to remove restrictions on alienation because, in that respect, it was inconsistent with the proviso immediately following; and that is the contention of appellee here. We cannot agree with that conclusion. It is a general rule that the meaning and legislative purpose of an act are to be found in its purview, or the body of the act, and that this cannot be nullified and stricken by provisos and exceptions unless they are mutually destructive or so contradictory that they cannot be reconciled and made to stand together under any reasonable construction or interpretation that may be given it. The purview discloses plainly and clearly a legislative intention to remove restrictions under given conditions; and we find no difficulty in sustaining both, whether the provisos be taken in the technical sense as limiting the removal of restrictions against alienation to lands not acquired by allotment, or whether they be treated as equivalent to the conjunctive word "but" (C. & P. Tel. Co. v.

Manning, 186 U. S. 238, 243, 22 Sup. Ct. 881, 46 L. Ed. 1144); for, alternatively, when the whole paragraph is read with a view of sustaining it in all its parts the word "otherwise," in the second line, seems to be in contradistinction to allotment, so that it was clearly intended that all restrictions as to sale and incumbrance of lands, inherited or otherwise acquired (except allotments of surviving allottees), were removed under the conditions named. Accepting the statute as having the meaning and purpose which we give it, there remains the inquiry whether the facts bring any of the conveyances within its terms. . We think it clear that the following named grantors were Indians of the class and within the condition required by the Act, to wit: Tonely Worth, Scott Johnson, Albert Deere, Dan Dirt, Charlie Bob, and Charlie Tyner. The complaint in Johnson's case discloses in the seventh, twelfth, fourteenth, twenty-first, twenty-second, and twenty-fifth counts that Tonely Worth, Scott Johnson, Albert Deere, and Dan Dirt conveyed to him their interest in inherited lands. The complaint in Carson's case discloses in the eighth, fourteenth, eighteenth, twentieth, and twenty-fifth counts that Scott Johnson, Charlie Bob, and Charlie Tyner conveyed to him their interests in inherited lands. And the counts each allege that the deceased ancestor was an absentee Shawnee allottee, a member of the absentee Shawnee tribe of Indians, that the grantor was his heir and conveyed his inherited interest in his ancestor's allotment; and the stipulation shows that each grantor was an absentee Shawnee Indian and had been allotted lands in his own right. We think it also fairly inferable from the record that the grantors had been allotted lands in Oklahoma or Indian Territory, and that they and their ancestors were affiliated with nonresident Kickapoos. We are of opinion that all of their deeds constituted valid conveyances under the act relied on, and that the court erred in its decree canceling them. As to those conveyances the defendants were entitled to decrees confirming titles in them.

[2] Appellants rely also on that part of the act of February 8, 1887, as the sixth section thereof is amended by the act of May 8, 1906 (34 Stat. 183 [Comp. St. § 4203]), reading:

"Provided, that the Secretary of the Interior may, in his discretion, and he is hereby authorized, whenever he shall be satisfied that any Indian allottee is competent and capable of managing his or her affairs at any time to cause to be issued to such allottee a patent in fee simple, and, thereafter all restrictions as to sale, incumbrance, or taxation of said land shall be removed * * *"

—and also on subsequent acts (35 Stat. 444; 36 Stat. 855; 37 Stat. 678) which extend the power of the Secretary to determine the heirs of deceased allottees, and provide that, if he is satisfied of their ability to manage their own affairs, he may cause patents in fee simple to be issued to them for their inherited interest. The contention, as we understand it, is that, if the Secretary, acting under these statutes, removes the restriction as to any allotment or an inherited interest therein, such action on his part operates to remove restrictions on other tracts in which the Indian may be interested. But the effect of this contention is to make the restriction against alienation personal to the Indian, whereas the uniform ruling is that it attaches to and runs with

the land. In U. S. v. Noble, 237 U. S. 74, it is said, at page 80, 35 Sup. Ct. 532, 59 L. Ed. 844, that the restriction binds the land for the time stated. See, also, Bowling v. U. S., 233 U. S. 528, 34 Sup. Ct. 659, 58 L. Ed. 1080; Id., 191 Fed. 19, 111 C. C. A. 561; Goodrum v. Buffalo, 162 Fed. 817, 89 C. C. A. 525. Furthermore, the facts as we obtain them from the record do not show a removal of restrictions, as claimed, in behalf of any Indian other than those that have been heretofore named and whose conveyances we held to be valid under the act of June 21, 1906, as above stated.

Reversed, with directions to modify the decrees in accordance with this opinion.