## YELL v. McCARTY.

No. 11116—Opinion Filed May 15, 1923.
Rehearing Denied July 3, 1923.

(Syllabus.)

1. **Indians—Lands—Cancellation of Deed—Conditions—Return of Consideration—Offset Against Rent.**

While a court of equity will not require, as a condition precedent to cancellation of a deed executed in violation of the restrictions imposed by Congress on Indian lands, the return of the purchase money where such condition would in any way impair the right of the Indian to recovery of the land, or in any way interfere with his possession of the same free from incumbrance, yet a court of equity may permit the purchase price paid as consideration for such void conveyance to be offset against the amount due as rent for the occupancy of the lands.

2. **Same—Value of Improvements as Offset Against Rents.**

Where the vendee in such void conveyance enters into possession of the land in good faith under a deed which he has reason to believe is good, and places permanent and valuable improvements thereon, he is entitled to a proper allowance for the value of such improvements as an offset against the rents due from him for the occupancy of the land during the time he has occupied same under the void deed.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action by Nancy Yell, nee Camp, against J. E. McCarty to cancel deeds and for accounting for rents. Judgment for plaintiff for less than sued for, and she brings error. Affirmed.

R. Brett, J. H. Mathers, and J. H. Finley. Probate Atty., for plaintiff in error.

Ledbetter, Furman & Ledbetter, for defendant in error.

COCHRAN, J. This action was commenced by the plaintiff in error to cancel certain deeds executed by her to the defendant in error, covering lands allotted to her as a full-blood member of the Chickasaw Tribe of Indians, and for an accounting for rents during the period the lands were occupied by the defendant in error. The parties will hereinafter be referred to as plaintiff and defendant as they appeared in the trial court.

The defendant admitted that the deed under which he went into possession of the lands was void, but alleged that he purchased the lands in good faith, believing that he had the right to purchase the same, and paid therefor the sum of $1,500; that he had been in possession of the lands from the time that they were purchased and placed a portion of said lands in cultivation and otherwise improved the same; and asked to have the purchase price and the reasonable value of the improvements offset against the rents. The plaintiff demurred to the answer of the defendant, which demurrer was overruled, and the case was submitted to

the jury for the purpose of determining the reasonable rental value of the lands and the reasonable value of the improvements, with instructions that the purchase price paid and the reasonable value of the improvements should be allowed as an offset against such amount as they found to be due for rents on said lands. The jury returned a verdict for plaintiff for $700, and from this judgment the plaintiff has appealed.

The deeds which were canceled in this case were taken by the defendant upon the theory that under section 16, Supplemental Treaty between the Chickasaw and Choctaw Tribes and the United States, the surplus lands might be alienated, one-fourth of the acreage in one year after the date of the patent, another fourth in three years, and the remainder of the surplus in five years, even after the passage of the act of Congress of April 6, 1906. It is conceded by the defendant that the courts have since held to the contrary, and that the deeds were absolutely void. The plaintiff insists that, the deeds being absolutely void and executed in violation of restrictions imposed by Congress, the defendant is not entitled to a return of the purchase price and is not entitled to any credit for rents due on account of the improvements made. The plaintiff relies on the cases of Oates v. Freeman, 57 Okla. 449, 157 Pac. 74; Tirey v. Darneal, 37 Okla. 606, 133 Pac. 614; Gill v. Haggerty, 32 Okla. 407, 122 Pac. 641; and Heckman v. United States, 224 U. S. 413, 56 L. Ed. 820. In this last case the court said:

"Where, however, conveyance has been made in violation of the restrictions, it is plain that the return of the consideration cannot be regarded as an essential prereq uisite to a decree of cancellation. Otherwise if the Indian grantor had squandered the money, he would lose the land which Congress intended he should hold, and the very incompetence and thriftlessness which were the occasion of the measures for his protection would render them of no avail. The effectiveness of the acts of Congress is not thus to be destroyed. The restrictions were set forth in public laws, and were matters of general knowledge. Those who dealt with the Indians contrary to these provisions are not entitled to insist that they should keep the land if the purchase price is not repaid, and thus frustrate the policy of the statute."

Under the foregoing authorities, it may now be considered as the established rule of this court that the return of the purchase money will not be required as a condition precedent to the cancellation of a deed executed in violation of the restric-

tions imposed by Congress on Indian Lands, where such condition would in any way impair the right of the Indian to the recovery of the land or in any way interfere with his possession of the same free from incumbrance. The rule announced in the foregoing cases is in line with the following statement contained in 9 C. J. 1209:

"The rule that a plaintiff seeking rescission must, as a condition of relief, restore to defendant all benefits received under the contract is founded obviously on the principle that 'he who asks equity must do equity.' Conversely, wherever under the circumstances of the particular case restitution by plaintiff is not essential to the complete administration of justice between the parties, it will not be required. As was said in a well-considered decision, 'as to willingness to restore, or offer or competency in that regard, it goes no further than justice requires. The rule in regard to the matter is equitable, not technical. Unreasonable or impossible things, which would not under the circumstances tend to secure equity, are not required.'"

In Heckman v. United States, supra, the following language was used:

"But it is suggested that there may be instances where the consideration could be restored without interfering with the policy which prohibited the transfer; that is, without in any way impairing the right to the recovery of the land, or the assurance to the Indian of his possession free from incumbrance. It is said, for example, that there may have been an exchange of lands, and that the Indian grantor should not, on re.aking the restricted lands, be permitted at the same time to retain those which he has received from the grantee. Or there may be other property held by the Indian grantor free from restrictions, so that restoration of the consideration may be enforced without working a deprivation of the restricted lands, contrary to the act of Congress. We need not attempt to surmise what cases of this sort may arise. It is sufficient to say that no such case is here presented. It is not presented by the mere allegation of the bill that the conveyances assailed purport to have been made for pecuniary consideration. It will be competent for the court, on a proper showing as to any of the transactions that provision can be made for a return of the consideration, consistently with the cancellation of the conveyances and with securing to the allottees the possession of the restricted lands in accordance with the statute, to provide for bringing in as a party to the suit any person whose presence for that purpose is found to be necessary."

Following the rule above announced, the trial court in the instant case concluded that it was consistent with the cancella-

tion of the conveyance and with securing to the allottee possession of his restricted lands in accordance with the statute, that the purchase price which he had received should be offset against the rents to which he claimed he was entitled, and in this we think the trial court was correct, as this requirement in no way impaired the right to the recovery of his land and in no manner conflicted with the act of Congress, but was in accordance with the equitable principle that he who asks equity must do equity.

The plaintiff cites the case of Howard v. Farrer, 28 Okla. 490, 114 Pac. 695, as authority for the contention that the trial court was without authority to permit this offset. In this case the court said:

"It is a well-settled principle of law that the courts will not aid a party to enforce an agreement made in furtherance of objects forbidden by the statute, or by common law or general policy of the law, or to recover damages for its breach, or when the agreement has been executed in whole or in part by payment of money, to recover it back."

The above language was used in a law action brought to recover on certain promissory notes which were given in a transaction in which an Indian had sold restricted lands in violation of the act of Congress, and these notes represented the purchase price paid, and were given that recovery might be had on them in the event the deeds were held to be invalid. We have no fault to find with the rule announced or its application in such cases. If this were an action brought by the defendant against the plaintiff to recover the purchase price, this authority might be applicable. Courts of equity have departed from the general rule in cases of this kind by permitting a cancellation without a restoration of the consideration where it would be inequitable to require the return of the consideration and where the purpose of the act of Congress would be defeated by making such requirement, but the general rule should be applied where its application is consistent with equity and the purposes of Congress, and the action of the trial court in the instant case in no manner impaired the operation of the statute, and was consistent with equity and good conscience.

On the question of permitting the value of improvements to be offset against the rent, this court in the cases of Cravens v. Amos, 64 Okla. 71, 166 Pac. 140, and Wrigley v. McCoy, 73 Oklahoma, 175 Pac. 259, held that one who held Indian land under a deed void because executed prior to removal of restrictions could not recover under the occupying claimant's statute, and in the Wrigley Case Commissioner Stewart in the body of the opinion used the following language:

"There is no contract, express or implied, to pay for value of improvements, and same cannot be offset against claim for rents. By permitting such offset the defendant would be recognized as occupying a status with reference to Indian lands which is not warranted by statute or decisions of the courts."

In Wolcott v. Smith et al., 33 Okla. 249, 124 Pac. 970, this court held that in the trial of an ejectment suit the right to an amount to be allowed for improvements placed upon the lands should not be adjudicated, but that the remedy was under the occupying claimant's statute after final judgment in the ejectment suit. The latter case is not in point here, because that was an action in ejectment and not an equitable action. The Wrigley Case was decided on facts similar to the facts in the case at bar, but that case does not refer to the case of Muskogee Development Co. v. Green, 22 Okla. 237, 97 Pac. 619, in which the occupant of lands under a void lease was permitted to offset the value of the improvements against the rents, and in the opinion the following language was used:

"A court of equity, seeking to do substantial justice, will do what the court ought to have done. In doing so, however, the plaintiff in error is not entitled to recover the cost of such improvements, unless the same imparted an additional value to such allotments equal to such cost, and caused a commensurate increase in the income from such allotments as would make the investment profitable and beneficial to such minors and permanent. Such contracts should be critically scrutinized by the courts, so as to vouchsafe that they are reasonable and necessary, and for the best interest of the minor, at the same time adding to the value of his allotment; and whilst seeing that substantial justice is done to the party that makes the outlay for the minor, it should also be careful that such compensation is merely a matter of recompense. Looking to the substance, rather than the form, doing justice between all parties where a benefit has been done and is permanent, and causes an increment in the value of the estate of the infant, increasing his income and thereby providing for his maintenance, a court will see that the income from such estate should be made to render recompense for the outlay that has been made to bring about that result."

In Black on Rescission and Cancellation,

sec. 636, the author states the general rule as follows:

"In the accounting which should take place upon the rescission or cancellation of a contract for the sale of land, the vendee, having been in possession, will ordinarily be entitled to a proper allowance for the expense incurred by him in making valuable and permanent improvements."

In 22 Cyc. 22, it is said:

"It is also necessary that the occupant's possession of the land shall be under color of title, or in some states claim of title, in himself or in those under whom he claims, and which he has reason to believe good."

In the instant case the defendant purchased the property at a time when it was believed by many of the prominent lawyers of the state that a valid deed could be taken to the same, and defendant's claim was in good faith under deeds which he took believing to be good, and, in that respect, the case is identical with the Muskogee Development Company Case. This case is also controlled by the general equitable rule heretofore stated in connection with the restoration of the purchase price, and in this case it would be inequitable to permit a cancellation of the deeds and recovery of the rental value of the lands and not require that the value of the improvements made on the land and which increased the rental value thereof be deducted.

It is our opinion that the rule announced in the Muskogee Development Company Case should be followed, and that in so far as the case of Wrigley v. McCoy is in conflict with the views herein expressed, the same is overruled.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.