## UNITED STATES v. ESTILL et al.
### No. 612.

Circuit Court of Appeals, Tenth Circuit.
Dec. 23, 1932.

Rehearing Denied Jan. 24, 1933.

William Earl Wiles, Asst. U. S. Atty., of Oklahoma City, Okl., for the United States.

Mark Goode, of Shawnee, Okl. (Chas. E. Dierker and John L. Goode, both of Shawnee, Okl., on the brief), for appellees.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

LEWIS, Circuit Judge.

This suit was brought by the United States to quiet title to eighty acres of land in Oklahoma that had been allotted in 1894 to Mah-no-ne-mah, a Kickapoo Indian. The United States had title in trust for the sole use of Mah-no-ne-mah and his heirs under the provisions of the fifth section of the Gen-

eral Allotment Act of February 8, 1887, 24 Stat. 388 (25 USCA § 348). Mah-no-ne-mah went to the Republic of Mexico to reside, as did many of the Kickapoos, and he died there in 1905. This suit was brought in the interest of his heirs. He left surviving him as his sole heirs his widow, I-nesh-kin, and a son, Pah-ko-che-pe-ta, by his divorced wife, Nah-she-pe-eth. The defendants Nowakoski, appellees here, are remote grantees of remote heirs of Mah-no-ne-mah. The defendant bank disclaimed. The other defendants are Nowakoski's mortgagees.

The inquiry is whether the facts bring this case within the terms of the Act of June 21, 1906 (34 Stat. 363), removing restrictions as to sale of the eighty acres. The Act so far as material reads thus:

"All restrictions as to sale and incumbrance of all lands, inherited and otherwise, of all adult Kickapoo Indians, and of all Shawnee, Delaware, Caddo, and Wichita Indians who have heretofore been or are now known as Indians of said tribes, affiliating with said Kickapoo Indians now or hereafter nonresident in the United States, who have been allotted land in Oklahoma or Indian Territory are hereby removed. * * * "

It will be observed that Mah-no-ne-mah was not living when the Act was passed. He died in April of the preceding year, but his widow, I-nesh-kin, who inherited an undivided half interest in the eighty acres, was living on June 21, 1906, and she was a Kickapoo allottee. Likewise as to Na-she-pe-eth, the divorced wife of Mah-no-ne-mah. Their son, Pah-ko-che-pe-ta, had died within a year after his father's death, and his mother inherited his half interest in the eighty; and she too was on June 21, 1906, an adult Kickapoo allottee. The lower court also found, and the proof sustains it, that I-nesh-kin and Nah-she-pe-eth "were adults and residing in the Republic of Mexico on the twenty-first day of June, 1906, and thereafter."

It should be said an undivided four-ninetieths interest in the eighty acres was acquired from a minor heir of I-nesh-kin through proceedings in partition in the state court in 1930, in which the whole eighty was sold for $4,000.00, its appraised value.

On June 21, 1906, I-nesh-kin and Nah-she-pe-eth held full title to Mah-no-ne-mah's allotment, and the Act removed all restrictions as to its sale and incumbrance on the facts stated. See Johnson v. United States (C. C. A.) 283 F. 954.

The decree appealed from dismissing the bill is affirmed.