## UNITED STATES v. REILY.

### No. 613.

Circuit Court of Appeals, Tenth Circuit.
Dec. 23, 1932.

Rehearing Denied Jan. 24, 1933.

William Earl Wiles, Asst. U. S. Atty., of Oklahoma City, Okl. (Herbert K. Hyde, U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

F. H. Reily, of Shawnee, Okl. (Goode, Dierker & Goode and Reily & Reily, all of Shawnee, Okl., on the brief), for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

LEWIS, Circuit Judge.

The issue of law that we decided this day in United States v. Wallace Estill et al., 62 F.(2d) 620, is again presented in this case. In this case, as in that one, the United States sues as trustee, named as such in the patent issued under the General Allotment Act of February 8, 1887, 24 Stat. 388. The eighty acres therein described as situate in the Territory (now State) of Oklahoma was allotted to Wah-puck-we-che, a Kickapoo Indian, who later went to the Republic of Mexico in 1903, took her son, Wah-pe-com-e, of tender years with her, and resided there with other Kickapoos under tribal customs. In 1927 or 1929 she returned to Oklahoma and died there. Her son was his mother's only heir. When he grew up, he returned to Oklahoma, where he remained. After his mother's death he went to Mexico and brought away her household goods and personal belongings. He was an allottee of Oklahoma lands in his own right. In May, 1930, he sold forty acres of his mother's allotment to appellee, Reily,

622

for $1500.00 "and other good and valuable consideration." Notwithstanding this, appellant's local representatives gave a lease on the whole eighty acres for the calendar year 1931, and dispute arose between Reily and their tenant over possession of the forty acres that Reily had purchased. Reily obtained a decree in the state court confirming his title and enjoining interference with his possession by appellant's local representatives and their tenant. They ignored the suit against them and the injunctive order. Then the United States brought this suit to enjoin Reily's interference with the asserted right of the local representatives to lease the forty acres and the claimed right of their tenant to exclusive possession. The bill was dismissed on final hearing. Applying the Act of June 21, 1906 (34 Stat. 363), quoted in the Estill Case, to the facts of this case, which are not substantially different from the facts in United States v. Estill, supra, the decree appealed from should be affirmed. It is so ordered.