Taylor GLASS and Pauline Teehee, Appellees,

v.

Levi CARLILE and Christine Carlile, Appellants.

No. 54451.

Court of Appeals of Oklahoma, Division No. 1.

Dec. 1, 1981.

Released for Publication by Order of Court of Appeals Dec. 31, 1981.

---

Gene F. Mowery, Stilwell, for appellees.

G. Lee Jackson, Tulsa, for appellants.

BOX, Presiding Judge:

An appeal from a judgment for the plaintiffs in an action to cancel a conveyance and quiet title.

Plaintiffs are the husband and daughter of Jennie Glass, nee Christie, deceased, who died intestate on March 24, 1976, after con-

veying certain lands in Adair County to Defendants. The lands were formerly the allotment of one Annie Christie, an enrolled, ⅞ blood Cherokee Indian, and were restricted in the hands of said allottee under federal law. Jennie Glass acquired the property in 1974 during proceedings to partition the estate of the allottee, Annie Christie. Jennie Glass was awarded a $^{51}/_{900}$ share of this property as heir, and acquired the remainder upon her election to take at the appraisement. See 12 O.S.Supp.1974, § 1512. The evidence reveals that said Jennie Glass used funds provided by Defendants to pay the appraised value of the land, then conveyed by warranty deed to defendants and was paid an additional $300.00. The conveyance was not approved by any court.

Plaintiffs brought this action in October of 1978 seeking the cancellation of the deed to Defendants, a determination of the heirs of said Jennie Glass, and the quieting of title in them. Their basic contention was that Jennie Glass, who was a full-blood, unenrolled Cherokee Indian, under federal law could not convey the lands obtained from her restricted ancestor without court approval. Defendants, on the other hand, asked that title be quieted in them based on the deed from Jennie Glass, and alternatively, that they be granted judgment against Plaintiffs for the consideration paid for the conveyance. The trial court found for the Plaintiffs, and ordered that the conveyance be cancelled, determined that Plaintiffs were the sole heirs of Jennie Glass, ordered that title be quieted in the two heirs, and denied Defendants' prayer for the return of the consideration.

■ Defendants urge on appeal that the conveyance from their grantor was valid since all restrictions on the lands were removed upon Jennie Glass's purchase with unrestricted funds, i.e., funds not provided by the Secretary of the Department of the Interior. However, the authorities relied on by Defendants do not support their position. Plaintiffs did not rely on the use of restricted funds to establish the restricted character of the land in question, nor on a restrictive deed provision, hence 42 C.J.S. *Indians* § 54, and cases at Notes 60 and 64–65 are not in point.

■ While Section 2 of the Act of June 14, 1918, 40 Stat. 606, 25 U.S.C. § 355, provides in part that a sale at partition removes all restrictions from the land, the same section clearly distinguishes acquisition by election to take at the appraisement from a partition sale, the former involving a continuing qualified restriction against alienation, and *Grisso v. United States*, 138 F.2d 996 (10th Cir. 1943); *United States v. Bond*, 108 F.2d 504 (10th Cir. 1939); *United States v. Watashe*, 117 F.2d 947 (10th Cir. 1941); and *Boyd v. Weer*, 253 P. 988, are not helpful in this regard. Language quoted from section one of the Act of January 27, 1933, 47 Stat. 777, to the effect that restrictions on specified Indian heirs extend no longer than 1956, was repealed by section 12 of the Act of August 4, 1947, 61 Stat. 731.

The principle that restraints run with the land, *Johnson v. United States*, 283 F. 954 (8th Cir. 1922), has no application to the facts of this case. The holding of the court in *Barnett v. Newcomer*, 307 P.2d 148, that a court conducting a partition proceeding under the Act of 1918, *supra*, has the power to decide whether the land was in fact subject to restrictions prior to partition, with the possible result that one electing to take at the appraisement may take without restriction, does not support Defendants' position.

Finally, the statement found in *In Matter of Estate of Brown*, 600 P.2d 857, to the effect that under the Act of 1947, *supra*, as with predecessor restriction statutes, all restrictions are removed at death, was based on the first section of that Act which, after this general declaration, clearly proceeds to state a proviso: half-blood or more heirs and devisees must obtain court approval for certain conveyances. The statement in *Brown* was not in derogation of the proviso. See also W. F. Semple, *Oklahoma Indian Land Titles Annotated*, Section 57, p. 47.

■ The Act of August 4, 1947, *supra*, provides in pertinent part that

[N]o conveyance, including an oil and gas or mineral lease, of any interest in land acquired before or after the date of this Act by an Indian heir or devisee of one-half or more Indian blood, when such interest in land was restricted in the hands of the person from whom such Indian heir or devisee acquired same, shall be valid unless approved in open court by the county court of the county in Oklahoma in which the land is situated;
. . . .

This provision applies to estates of inheritance, not of purchase, as defined by Oklahoma law. *Armstrong v. Maple Leaf Apartments, Ltd.*, 622 F.2d 466 (10th Cir. 1979), cert. den. 449 U.S. 901, 101 S.Ct. 271, 66 L.Ed.2d 131. Thus the fractional interest awarded Jennie Glass as heir of Annie Christie is within the restriction stated in the Act of 1947. It does not appear that our state Supreme Court has had occasion to determine whether the interest received by one electing to take at the appraisement is an estate of purchase or inheritance. Decisions from other jurisdictions indicate that such acquisitions have been regarded as estates of purchase. *See Stevens v. Richardson*, 6 H. & J. 156 (Md.), and *Freeman v. Allen*, 17 Ohio St. 527. However, be that as it may, the Act of 1947 is supplemented in this regard by the Act of 1918, *supra*. See Semple, *supra*, Section 232, p. 186. Section two of the Act of 1918, *supra*, provides in relevant part, that

[T]he lands of full-blood members of any of the Five Civilized Tribes are hereby made subject to the laws of the State of Oklahoma providing for the partition of real estate. Any land allotted in such proceedings to a full-blood Indian, or conveyed to him upon his election to take the same at the appraisement, shall remain subject to all restrictions upon alienation and taxation obtaining prior to such partition. . . .

Thus, the interests acquired by Jennie Glass upon her election to take at the appraisement were, as was her fractional share as heir, subject to the requirement in the Act of 1947 that conveyances be approved by court. No such approval having been se-

cured in this case, the conveyance from Jennie Glass to the Defendants was invalid as a matter of federal law.

Defendants further contend that if the conveyance was properly cancelled, the trial court erred in denying them the return of the consideration paid for the conveyance. Defendants prayed in their cross-petition for a judgment against the plaintiffs jointly and severally as a lien upon the property. However, where a conveyance of restricted Indian land is cancelled due to violation of restraints against alienation, the return of the purchase money is not a pre-condition where it would in any way impair the right to the recovery of the land, or in any way interfere with possession free from encumbrance. *Yell v. McCarty*, 90 Okl. 151, 216 P. 158; *Heckman v. United States*, 224 U.S. 413, 32 S.Ct. 424, 56 L.Ed. 820.

In the instant case, defendants have failed to demonstrate that the consideration could be restored without contravening the principle noted above. There is no opportunity for an offset in this case, in contrast with the *Yell* case. *See also Magnolia Petroleum Co. v. McGeely*, 203 Okl. 470, 223 P.2d 131. Defendants are unable to point to a fund identifiable as the consideration or any part thereof. There is no indication that unrestricted property exists from which restitution could be had. This is underscored by Defendants' request for a lien against the property: Defendants look to the property for repayment, and would make the recovered possession subject to an encumbrance.

Moreover, Plaintiffs question Defendants' good faith, the presence of which influenced the court in *Yell* and *McGeely*: by their arrangement with the grantor, Defendants stood to gain the property for only $300.00 over the appraised value, and avoid the possibility of having to compete against other buyers at an execution-type partition sale. See 12 O.S.1971, § 1513. We are unable to conclude that the trial court erred in denying Defendants' cross-petition for restitution.

Defendants finally contend that Plaintiff Taylor Glass joined with his wife, Jennie Glass, in the conveyance by warranty deed of these lands to Defendants. They argue that the undivided one-half interest in the land which vested in said Plaintiff as heir upon the death of his wife must inure to the benefit of Defendants under the doctrine of after-acquired title. See 16 O.S. 1971, §§ 16, 19 and 24. However, the doctrine of after-acquired title does not apply to restricted Indian lands. *Probert v. Kibby,* 87 Okl. 198, 209 P. 916.

Appellees' request for attorney fees is denied; otherwise costs are to be borne by Appellants.

The judgment appealed from is affirmed.

AFFIRMED.

WILSON and REYNOLDS, JJ., concur.